## No. 11,369.

### JOHN M. AYER VS. ILLINOIS CENTRAL RAILROAD COMPANY.

The question is exclusively one of fact.  The evidence and the amount claimed
   by plaintiff prior to suit as damages concur in sustaining the claim allowed in
   the decree on rehearing.

APPEAL from the Civil District Court for the Parish of Orleans.
   Rightor, J.

E. W. Huntington and Horace L. Dufour, for Plaintiff and Ap-
pellee, cite C. C., Art. 1934; 128 Mass. 221.

Farrar, Leake & Lemle for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.   This is an action in damages against the defendant
for the recovery of three thousand eight hundred dollars for injury
and damage sustained by certain furniture and household goods,
while in transit from Chicago, Ill., to Pass Christian, Miss., on one of
the trains of the defendant.

Plaintiff's statement is that in December, 1890, he entered into
a contract with the defendant for the transportation of certain fur-
niture and household goods between the two points designated, for
which he paid the said company the usual carriage fees, the defend-

ant being a common carrier of freight. The said goods were delivered in good order to the defendant in Chicago, on or about the 20th of December, 1892, and conditioned to be delivered at Pass Christian, Miss., according to the terms of the contract. That while in transit the goods received injuries to the extent and amount above stated, as will appear by a detailed list of articles and estimates annexed to the petition, petitioner expressly averring the absence of contributory negligence on his part.

He avers an effort to obtain settlement without avail.

The answer of the defendant admits entering "into the contract of affreightment with the plaintiff, annexed to the petition on the date therein named, and that it received a lot of household furniture referred to in the said bill of lading from the plaintiff, at Chicago, Ill., for transportation *according to the terms of the contract*, to said plaintiff's order at Pass Christian, Miss.;" but the defendant denies that its railway extends to Pass Christian, Miss., it only extending to the city of New Orleans, La., thus making a connection with Pass Christian, Miss., by the Louisville & Nashville Railway from New Orleans and by the Mobile & Ohio Railway from Cairo, Ill., *via* the Louisville & Nashville Railway from Mobile, Ala., both of which are independent railways, not controlled or operated by the defendant.

Further answering, the defendant alleges that it performed its full duty under the law and the terms of the contract in respect to the carriage and transportation of the plaintiff's property from Chicago to New Orleans, and that said furniture was not damaged or injured by any negligence of the defendant while same was in its possession or under its control, and "that defendant is not liable by the terms of its contract or by the law of the land for any damage to said furniture that may have occurred while same was in the possession of the Louisville & Nashville Railroad Company, the connecting carrier aforesaid, to whom this defendant delivered this furniture in substantially the same condition at New Orleans, La., as when said furniture was delivered to this defendant at Chicago."

The answer further denies that when received at Chicago that this furniture was as good as new, and alleges the fact to be that it was second-hand furniture that had been for months previous to shipment stowed away in a warehouse and its condition was not first class.

10

The answer denies the value of the furniture to be as high as that which is alleged, and avers that the damage sustained by it in transit was far less than the amount claimed. The answer further denies that the defendant is liable for damage to the furniture that is incident to the wear and tear of transit, and is only liable for negligence and want of due care in the transportation and safe delivery.

The cause was tried by the judge, who, for reasons assigned in his written opinion, gave the plaintiff judgment for the sum of two thousand dollars, and from that judgment the defendant has appealed.

In this court the defendant has made no appearance by counsel or brief, and hence this court is not advised of any ground on which defendant relies for a reversal of the judgment, and the plaintiff has requested no amendment thereof in his favor.

The judge states in his reasons for judgment: "That the plaintiff is entitled to damages is virtually conceded, and it only remains to estimate the amount."

On this state of the case it is unnecessary for this court to examine the questions of law raised in the defendant's answer, or the measure of its responsibility with respect to that of its connecting carriers, as under the circumstances our opinion would be *ex gratia.*

But it seems to be conceded that the goods were shipped from Chicago in car-load lots, and on arrival at New Orleans the cars were transferred to the Louisville & Nashville Railway. Of this transfer the General Freight Agent speaks in a letter addressed to the Superintendent thus:

"The freight must have been very badly handled in transferring here, *i. e.*, in New Orleans, and improperly loaded, or the cars must have had very rough handling somewhere in transit," thus clearly admitting the defendant's liability.

On the *quantum* of damages the District Judge has very carefully summarized the facts, and as he appears to have carefully considered all the evidence we do not feel authorized to disturb his finding, after having gone over the record and fully verified his estimates.

On questions of fact we do not feel authorized to reverse, or even modify, the finding of a lower judge, unless patent and manifest error is pointed out.

Judgment affirmed.

## ON REHEARING.

BREAUX, J.    We affirm the principles laid down in our previous decr e.

The plaintiff is entitled to damages.

We think the estimate of the amount should be reduced for the reason that damages to the *etagere* (part of plaintiff's furniture) was considerably less than claimed.

The damage to the rosewood bed should be less than the amount allowed.

The estimate placed on the picture of a marine scene on the coast of England, it strikes us, is greater than its value.

We will not again go over the estimates in detail. Considering the damages as a whole, we think that fifteen hundred dollars is a fair compensation for all the damages claimed.

We the more readily reach that conclusion because it was stated in evidence on the part of the defendant that plaintiff, prior to suit, had made claim of the railroad company for that amount. That statement was not denied by the defendant.

It is therefore ordered, adjudged and decreed that the amount of our original decree be reduced from two thousand dollars to fifteen hundred dollars, with legal interest, and that appellee pay cost of appeal.

After this reduction and amendment our decree is affirmed.